UNITED STATES DISTRICT COURT
EASTERN DISTRICT FOR MICHIGAN
IN THE NORTHERN DIVISION

**BURTON DAVID CORTEZ**, et al.,
individually, and on behalf
of others similarly situated.
    Plaintiff(s).

Vs.

**HEIDI WASHINGTON** - Mi.DOC Director,
**JEFFERY HOWARD** - Warden (Kinross),
**ROBIN VOORHEES** - Grievance Coord;
**KIRT VAHAR** - Mailroom Staff,
**SHANNON JONES** - Mailroom Staff,
Any unknown DOE(S), et al.
    Defendant(s),

Case: 2:25-cv-10226
Assigned To : Michelson, Laurie J.
Referral Judge: Grand, David R.
Assign. Date : 1/24/2025
Description: CMP Burton v. Washington et al (AB)

**JURY TRIAL DEMANDED**

---

Burton David Cortez, Pro Se.
Mi.DOC: #520358
Kinross Correctional Facility
4533 W. Industrial Park Dr.
Kincheloe, MI. 49788-0001
email: www.JPay.com/Ti/Kcf
    @burtondcortez#520358.

Office of the Michigan
Attorney General:
Dana Nessel-Attorney General
Mi.DOC Division
P.O.Box 30217
Lansing, MI. 48909
Ph: (517)335-3055
email(s):

---

# C I V I L  C O M P L A I N T

THERE ARE NO PENDING/RESOLVED ACTIONS OUT OF THE
TRANSACTIONS/OCCURRENCES ALLEGED IN THE COMPLAINT

History of [1] previous (28USC §2254) Crim./Civil Complaint.

**A. COMPLAINT:**
   **AUTHORIZATION:**

1. This Complaint is before this Honorable Court under United States Code 42, pursuant to §§1981, 1983, and 1985, concerning VIOLATIONS of the Constitution of the United States, Amendment 1; and Amendment XIV §2, and MULTIPLE VIOLATIONS OF the Michigan Constitution 1963.

-Civil Complaint-

## B. FORMA PAUPERIS;
   28 USC §1915:

**1.** Plaintiff Cortez being indigent, humbly requests the Court to "waive" 'FILING FEES/SERVICE COSTS,' in addition authorize Plaintiff to proceed 'FORMA PAUPERIS' pursuant to 28 USC §1915. (affidavit & 6-month statement attached.)

## C. JURISDICTION:

**1.** Pursuant to Fed.R.Civ.Pr., under chapter 85, United States Code 28, pursuant to §§1331; 1342; and 1367, VESTS Jurisdiction in the Eastern District, Northern Division for the United States District Court, the occurrence of the Constitutional violation[s] manifested in the Eastern section of the upper penninsula of Michigan, vesting the Northern Division, of the Eastern District with Jurisdiction to hear/determine this Complaint.

## D. VENUE;
   GENERALLY:

**1.** Pursuant to Fed.R.Civ.Pr., under chapter 87, United States Code 28, §1391, as place/location of alleged violation[s] in the complaint manifested in the Eastern section of the upper penninsula of the State of Michigan, vests the Eastern District, Northern Division of the United States District Court with VENUE PROPER to hear/determine this Complaint.

## E. CLASS CERTIFICATION;
   Fed.R.Civ.Pr. No.23(a)(1):

In accordance with Fed.R.Civ.Pr. No.23, which allows for the CLASS-ACTION CERTIFICATION of a Multi-Party Complaint, this however, is not requested in this Complaint.

Here Plaintiff does not request CLASS-ACTION, though the INJUNCTIVE RELIEF sought does pertain to not only Plaintiff CORTEZ, but to ALL Mi.DOC RESIDENTS whom have been injured, or "could yet" be injured by the Unconstitutional

section within Policy Directive.05.03.118 (**paragraph ¶KK**), though the EMOTIONAL and PUNITIVE DAMAGES pertain to, and are sought strictly by Plaintiff CORTEZ. As this complaint is based upon fact of law, that the afore stated Mi.DOC PD.05.03.118 'PRISONER MAIL' at ¶KK infringes on the Constitutional Rights of ALL INMATES in custody of the Mi.DOC, be [they] male/female/other, Plaintiff(s) do not request CLASS-ACTION for benefit of time, cost, and to simplify the litigation, INJUNCTIVE RELIEF pertains to ALL RESIDENTS incarcerated from March 01, 2018 to PRESENT DAY.

### F. PARTIES TO SUIT:

**PLAINTIFF**: Identified as Burton David Cortez, is warehoused at the Kinross Correctional Facility, and has been injured/currently suffering under un-Constitutional Policy Directive PD.05.03.118 ¶KK 'PRISONER MAIL' Policy approved/intergrated by Defendant Mi.DOC Director Heidi Washington, and enforced by the KCF warden, Jeffery Howard.

>--------------------------------------------------------------------<

**1. DEFENDANT ONE(1)**: Identified as HEIDI WASHINGTON 'DIRECTOR' of Michigan Department of Corrections, as such [she] is responsible for ALL inmates within the Mi.DOC, is responsible for approval of ALL Policy Directives including 'PRISONER MAIL/LEGALMAIL POLICY' PD.05.03.118 ¶KK, and PROTECTING the 'RIGHTS' and GENERAL "well-being" of ALL WARDS in [her] custody/care, and issues ORDERS to warden HOWARD.

**2. DEFENDANT TWO(2)**: Identified as JEFFERY HOWARD 'WARDEN' of Kinross Correctional Facility, [he] is under the DIRECT ORDERS of HEIDI WASHINGTON, [he] is responsible for following those ORDERS, and DIRECTLY RESPONSIBLE for the actual 'WELL-BEING/SAFETY' of ALL INMATES assigned to KCF, including inmates "Out on writ," "Med-Runs" etc; ... as warden, [he] has "last say" of what actions are taken towards [a]n inmate assigned to [his] facility (KCF).

**3. DEFENDANT THREE(3)**: Identified as ROBIN VOORHEES employed as 'GRIEVANCE CORDINATOR' for Kinross Correctional Facility, is responsible for the "issuing" of designating/classifying grievances, correct identifier numbers on all grievances, determining if the grievance meets procedural standards/requirements, issuance of receipts/rejections, and issuing step 2

grievances, this defendant is under DIRECT ORDERS OF Defendant Director HEIDI WASHINGTON, under supervision of Warden JEFFERY HOWARD.

**4. DEFENDANT FOUR(4)**: Identified as SHANNON JONES, is employed at Kinross Correctional facility as [a]n 'MAILROOM EMPLOYEE' under orders of HEIDI WASHINGTON, under supervision of Warden JEFFERY HOWARD.

**5. DEFENDANT FIVE(5)**: Identified as KIRT VAHAR, is employed at Kinross Correctional facility as [a]n 'MAILROOM EMPLOYEE' under orders of HEIDI WASHINGTON, under supervision of Warden JEFFERY HOWARD.

Plaintiff 'RESERVES RIGHT' to AMEND defendant(s).

## G. COMPLAINT/LEGAL MAIL PROCESSING;
   SERVICE/DELIVERY OF DOCUMENTS;

### a. EVENT ONE(1):

On November 5, 2024 Honorable Judge Roy C. Hayes, or his Clerk, drafted a 'NOTICE OF HEARING' scheduled for November 18, 2024 at 1:30pm. The 'NOTICE' was mailed to Plaintiff Cortez at Kinross Correctional Facility on November 7, 2024 via the U.S.P.S. (first-class mail). KCF is less than two(2) hours (driving distance) from Charlevoix. However, Plaintiff Cortez was not given the first(1st) 'NOTICE' until November 25, 2024 five(5) days _after_ hearing.

### b. EVENT TWO(2):

On November 13, 2024 Judge Roy C. Hayes or his Clerk, 'RE-NOTICED' the "Hearing" for November 20th, 2024 at 2:00pm, the 'RE-NOTICE' was post-marked November 14, 2024. However, Plaintiff Cortez was not given this 'NOTICE' until eleven(11) days AFTER BOTH hearing[s]. BOTH 'NOTICES' stated clearly the "Hearing" was on a motion requesting court record/documents under MCR.6.433et seq.

Plaintiff Cortez had/has multiple motions pending, but because the facility withheld BOTH the 'NOTICES,' he was not notified "what" motion was being heard, causing Plaintiff not to know "what" to prepare argument for, and caused [him]

to bring the wrong court file to the hearing, damages arose from refusal/failure of Mi.DOC to TIMELY PRODUCE Plaintiff(s) legal mail.

Plaintiff(s), are currently seeking INJUNCTIVE RELIEF based upon injuries suffered PERSONALLY, and on behalf of ALL Mi.DOC RESIDENTS past, present, and future from date of introduction and enforcement of PD.05.03.118 at ¶KK being 'EFFECTIVE' on March 01, 2018 to 'CURRENT' Injuries could/have result[ed] where Mi.DOC introduced a "Policy" conflicting with the free access to the courts via 'TIMELINESS' as seen here, this "issue" has previously been memorialized in/by the Supreme Court of the United States in Lewis V. Casey, 518 US 343, 351 (1996).

Defendant(s) will try to argue that Plaintiff(s) are not being denied "timely access" as they are getting the mail ... eventually.

Here Plaintiff(s) argue "timeliness" is at issue, "doctrine of timeliness" ties DIRECTLY to the "access doctrine" where the timeliness of [a]n filing, [a]n response, or [a]n order of the court. Where ones actions directly deny's another to respond timely to the court or an adversarial positioned opponent, then that person being denied is being placed at great disadvantage to litigate fairly, and prejudice must ensue.

The filing "deadlines" to any one of these mentioned existing or "theoretical" documents are on reliance of Michigan Court Rule, where unless otherwise specified, response times are limited to 21 days, generally in Federal Court, unless otherwise specified, are to take place within 14 days. Outright denial of access to the courts and purposefully denying allowance of [a]n "timely response" are one in the same.

When the Mi.DOC "holds" the mail for a longer period than the respondent has to even reply to the filing under Federal rule, constitutes as [a]n 'Denial of Access to the Courts, or where at the State Court level, where it takes minimal

4 days for the "legal mail" to reach the facility by U.S.P.S (first-class), compounded by the Mi.DOC "holding" the legal mail for ANOTHER 15 days FURTHER (a full 19 days before the owner receives it), constitutes as [a]n Denial of Access to the Courts. The Mi.DOC then invokes a clause in the PD to "call and/or 'email'" the "sender" for identification purposes, then the Facility <u>DOES NOT EVEN ATTEMPT</u> to follow the PD by calling or emailing the necessary authorities to verify "senders" of the documents as required, then leaving **ONLY <u>TWO(2) DAYS</u>** for the recipient to draft and file a response, clearly this is NOT ADEQUATE RESPONSE TIME, and puts 'pro se' litigants at a severe disadvantage.

## H. <u>PRISONER GRIEVANCE PROCESS</u>;
### P.L.R.A./GRIEVANCES:

**1.** Pursuant to the Prison Litigation Reform Act (PLRA), and Mi.DOC Policy, a Mi.DOC Prisoner must exhaust the Grievance process in attempt to resolve issues before placing [a] complaint before a Court of Law, because the Coordinator determined it 'NONGRIEVABLE' rendering the 'EXHAUSION' requirement INAPPLICIBLE.

**2.** On November 25, 2024 Mr. Cortez submitted grievance on the "Legal Mail," on November 27, 2024. After being "classified" by the Coordinator, a "Response/Receipt" was drafted, the grievance "receipt" designated the grievance **"NONGRIEVABLE"** stating the issue pertained to a Policy, or the "substance of" and any further inquiry should be sought under Id. number: KCF-24-11-900-27B, this "Gamesmanship" was an attempt to draw Plaintiff to respond to document Id. number: KCF-24-11-900-27B, this would have effectively "waived" any claim to the 'NONGRIEVABLE' receipt under Id. number: KCF-24-11-**899**-27B, this tactic is often used.

When the grievance was eventually "returned" to Plaintiff, it came with a different "Grievance Receipt" then the one originally issued, this "different"

receipt stated [it] was **NOW** being **"REJECTED,"** but like the first(1st) receipt, it had the <u>same</u> grievance Id. number: KCF-24-11-900-27B.

However, the 'ACTUAL' Identification number <u>WRITTEN ON THE GRIEVANCE ITSELF</u> is Id. number KCF-24-11-<u>899</u>-27B declared/designated as **'NONGRIEVABLE'** per Mi.DOC policy, this issue, then <u>IS NOT SUBJECT</u> to 'EXHAUSTION.'

When grievances are returned 'REJECTED,' it is an "affirmation" of sorts that the "Issue" is meritorious, that the Mi.DOC <u>DOES</u> <u>NOT</u> by any means want it pursued, [they] employ this "tactic" that "DETERS, BLOCKS, and/or by any means STOPS" access to the Courts, unfortunately however, this tactic is an extremely effective process, the Mi.DOC knows this and uses it to full extent to "shut down" grievances and/or ANY litigation.

The truth is, most residents are "Laymen" to the Law, and do not possess the necessary knowledge to set aside the "stale-mate." The Mi.DOC's view is this: "If it cannot be grieved, it cannot be exhausted, therefore it cannot be filed in court." In the interest of Justice, this issue **MUST** BE placed before by a "higher authority" for adjudication in a Court of Law.

3. Holding residents legal mail without showing "good cause" was raised previously at the warden's Forum in November 2024 by Prisoner Block Representatives[1] and then taken to the Legislative Corrections Ombudsman.

4. Plaintiff Cortez, was denied two(2) 'NOTICES' authored out of the office of Honorable Judge Roy C. Hayes III, of the 33RD Judicial Circuit Court for Charlevoix County, 'NOTICES' "alerting" Plaintiff of court dates for criminal case: 2018-12/-13-FH.

---

<u>fn1/</u> wardens forum is inmates addressing internal problems with the warden[s] about day-to-day function of the prison. (staff, food service, programs, mail, etc.)

Thus 'NOTICING' Plaintiff to prepare oral argument for Motion[s], to bring appropriate court files/documents to hearings, or could possibly be 'NOTICED' of "deadlines," to "Amend filings," or to respond to a filing by the prosecution if need arises, is feasible and proper.

5. These 'Notices' were 'MAILED' to Plaintiff via the United States Postal Service (U.S.P.S.) first-class mail, in compliance with Michigan Court Rules (MCR)$^2$ 2.104, and 2.105 as applicable, in one(1) instance over two(2) weeks (14 days) before the appearance date, and were **WITHHELD** from Plaintiff by KCF Mailroom staff, he **DID NOT** recieve them for "days" ... even "weeks" after the hearing.

6. Plaintiff Cortez was **INJURED** by this, not having notice "OF" the court date, or even "WHAT" the Court date was concerning, and caused Plaintiff to not be prepared for oral argument, Furthermore caused Plaintiff to arrive with the wrong case file. In this case, this forced Plaintiff to submit an 'Untimely "Amendment"' to a motion previously filed, to date Plaintiff has not received confirmation of receipt of the amendment.

This unconstitutional and violative behavior is "Standard Practice" at KCF, the correctional officers (c/o's) and administration staff alike when questioned just laugh and call the "obstructions" and the "denial of access to the courts" as their "Job Security."

7. When Plaintiff received the second(2nd) 'Notice of Hearing,' the hearing had taken place, and had taken place **BEFORE** Plaintiff **received** the **FIRST**(1st) 'Notice.'

**fn2/** MCR.2.104, and 2.105 pertain to the applicable service standards of court/party filings.

8. The Facility Grievance Coordinator (Robin Voorhees) has, in attempting to Block, Deflect, Confuse and generally just "muddy the waters" has 'FALSIFIED DOCUMENTS' and committed 'FRAUD' in attempt to MISDIRECT THE COURT.

After having realized ex-post-facto that classifying the grievance 'NONGRIEVABLE' exposed the State to litigation, as the Policy clearly VIOLATES Constitutional Rights, and is supported by material fact, the grievance bears the Grievance Identification number: KCF-24-11-<u>899</u>-29B with an '<u>NONGRIEVABLE</u>' receipt, supporting Plaintiff(s) position.

9. Grievance Coordinator Robin Voorhees realized expostfacto, that when she did not "REJECT" the document, and instead designated it 'NONGRIEVABLE' this VACATED the "EXHAUSTION" requirement of the process allowing for DIRECT filing of the Complaint with the Court.

Upon realizing this, [she] "ALTERED, FALSIFIED, and RE-ISSUED" the receipt from 'NONGRIEVABLE' to "REJECT" in a **CLEAR ATTEMPT** to keep it from litigation in the Courts, Plaintiff **NOW RAISES THIS COMPLAINT** pursuant to Grievance Identifier Number: KCF-24-11-<u>899</u>-27B ISSUED AS '**NONGRIEVABLE**' by coordinator Robin Voorhees.

## I. <u>CONFLICTING POLICY DIRECTIVES</u>:
### POLICY DIRECTIVE 05.03.118:

1. The Original Mi.DOC Policy Directive, NO: PD.05.03.118 ¶III concerning prisoner mail, was amended to ¶NNN then initiated on November 6, 2015. This "Amendment" **paragraph KK** DIRECTLY CONFLICTS with current, and previous policy of PD.05.03.118, at ¶III (initiated on MARCH 01, 2018 (now ¶NNN of the 2025 PD)), which the MI.DOC now manipulates and employes as a "go-around" allowing for the unconstitutional "holding" of LegalMail in violation of 'Due Process' of §2 of Amendment XIV of the U.S. CONSTITUTION instead of timely delivering 'LEGAL MAIL.'

The original PD, paragraph ¶III from MARCH 01, 2018 (now ¶NNN) - in relevant part:

> "Facilities shall endeavor to process all incoming and outgoing mail within two(2) business days after receipt" (emphasis added)

Now, in DIRECT CONFLICT, the PD has very recently been revised (November 6, 2023) DIRECTLY CONFLICTING with previous MARCH 01, 2018 (PD), causing injury to Plaintiff/Prisoners across the Mi.DOC, paragraph ¶KK states in relevant part:

> "If the sender cannot be ID'd, reached by telephone number to to confirm that the mail was sent by them - staff shall hold mail for 15 days, and shall try no more than two(2) times per week (once by email) to contact the sender. (emphasis added)

2. In this case the envelopes had the name of Honorable Judge Roy C. Hayes, the court, and court address was clearly embossed on the upper left hand corner of the envelope.

3. On information declared infra, it is CLEAR the Mi.DOC refuses to follow [its] own policies, misuses Policy as excuse to not disburse legalmail timely, causing injury to Plaintiff/Prisoners that have 21 days response time in state court, even less in Federal cases, responses may be required in 14 days.

Policy Directive 05.03.118 ¶KK CLEARLY VIOLATES "Un-restricted Access to the Courts" to "Freely litigate [a]n person's criminal conviction[s], and/or Civil Complaints." (Violating Ar.1 of U.S. Const.)

## J. SENDER OF MAIL:
### COURT CLERKS:

Policy Directive PD.05.03.118, ¶KK provides in relative parts that once mail marked special handling is received at the facility, that staff shall during the 15 day period attempt at a minimum of two(2) times per week (not in the same day), to contact the sender by telephone at the number located in the Michigan Bar Journal, and atleast one(1) time per week by email.

The envelopes mailed by Honorable Judge Roy C. Hayes III stated "whom" the mail was from, the Mi.DOC failed to follow [their own] policy, or they would

have located the number and mailing address in the Michigan Bar Journal and made contact, research by Mrs. Sheila LaPEER[3] on December 25, 2024, upon contacting the Office of County Clerk of Charlevoix County (Julie A. Drost - Chief Clerk), who questioned (her) clerks in office, contacting the Clerk of Judge Hayes, and was informed that **NO CONTACT** was made by **ANY PERSONNEL** from Kinross Correctional facility, not by telephone, email, or any other means of contact.

This is a clear violation of Policy Directive PD.05.03.118 ¶KK, the Mi.DOC integrated a conflicting policy, with a current pre-existing, FUNCTIONING Policy, an amendment that causes IRREVERSIBLE DAMAGE TO PRISONERS LEGAL RIGHTS, then COMPOUNDS THE ISSUE by **NOT FOLLOWING THE SAME POLICY** by failing to contact as policy requires, instead "holding" the mail without "good cause," DAMAGING Rights of <u>NOT ONLY</u> Plaintiff, but other prisoners, causing missed Court dates, filing deadlines, and causing many other discrepancies by delaying legal mail, BLATANTLY not following policy installed by the Mi.DOC.

This has the appearance that this expostfacto policy was installed for purpose of hindering access/operations between court/inmates transactions, and has the appearance it was done with MALICE.

### K. PRISON LEGAL MAIL LOG;
   ACCESS:

Plaintiff asserts, filing this, will likely result in need to obtain copies of the "PRISONER LEGALMAIL LOG," **EVERY** prisoner **MUST** sign the "Log" to receive legal mail, if the individual 'REFUSES' to sign, then mail is given in compliance with PD.05.03.118, at ¶KK (in relevant part) states:

> "If the prisoner chooses not to sign or accept
> the mail, that it shall be documented, and
> the mail delivered to the prisoner."

When requesting "legalmail log" copies, 'what' the policy does not state however, is the fact "IF" copy of the "Log" is requested for Court, to show

**fn3/** Sheila LaPEER is Plaintiff's mother, and was acting as research paralegal for Plaintiff.

-10-

"when or 'if"' a document was received, the Mi.DOC will **FLATLY REFUSE** to provide a copy, there has been instances where Court ORDERS have been sought, and 'GRANTED' ORDERING copy be given to the requesting party, the Mi.DOC will in contempt **FLATLY REFUSE/DENY**, claiming this "COPY" would be "[A]n THREAT/BREACH OF THE SECURITY/WELL-BEING OF THE PRISON."

The genuine reason for the denial however, is that a copy of the "Log" would memorialize claims of withholding, not 'TIMELY' given, or given at all.

These are "some types" of "pro-active" measures taken ensuring violations do not go before a Court of Law, or made public record under MCL.15.231 "Freedom of Information Act' as this would not hold up to scrutiny of "Public Opinion" ... "Opening 'Pandora's Box"' as it were, for the world to see behavior encouraged against inmates, the "LEGAL RIGHTS" Mi.DOC is obligated to protect, being a 'Legislative Branch' of the Department of Justice, again these <u>COULD NOT</u> withstand public scrutiny.

Paragraph ¶III of the March 01, 2018 Policy Directive 05.03.118 concerning timely possession of incoming mail within two(2) days of receipt at the facility still rings true now as paragraph ¶NNN of the **"Revised and/or Amended"** November 6, 2023 version. Now, the newly introduced ¶KK 'SPECIAL HANDLED MAIL' **DIRECTLY CONFLICTS** with The previously existing section[s], now it's a 15-day standard.

Moreover, the Department is not in compliance with the "NEW" sections of the PD, making [it] "ILLUSIONAL" ... it can only be perceived that the "Amendment" was enacted to 'INTERFERE' with inmates timely access to the Courts.

## L. <u>MI.DOC RETALIATION</u>;
### PROTECTION CLAUSE:

Plaintiff Cortez wants only to be able to litigate the raised issue[s] as is his right, the right to seek Redress of Violated Rights is considered 'PROTECTED CONDUCT' as such Retaliation is strictly prohibited, be it of the person, or by

and through the taking or destruction of that persons property, or the taking/destroying of cubies/cellmates property in an attempt to "turn" [ther] against grievant by way of creating [a]n hostile living environment, any retaliatory like behavior that could be construed as retaliatory like in form, including but not limited to any behavior meant to: harass, degrade, or in any other way "harm" the individual exercising the protected conduct of pursuing a grievance, including the "riding out" of the individual known as "diesel therapy" or any other such conduct, including such conduct 'like,' but not limited to: manufacturing and/or hiding (planting (setting-up)) the individual with weapons that could lead to the individual being placed in segregation, receiving a misconduct, or being prosecuted by [a] state's attorney, such as placing weapons, drugs and/or dangerous contraband in the grievant's living quarters, and/or "other" areas-of-control for the purposes of harming/harassing/degrading or in any other fashion create a hardship upon said grievant, including the future holding/destruction/disappearance of mail/legalmail and/or the REFUSAL on the KCF, or any other facility Librarian to REFUSE to produce envelopes, pens, paper, etc., or needed copies to indigent Plaintiff/Grievants, as courts require ALL COPIES be reproduced from [a]n single document, not "multiple 'hand-written copies,"' retaliatory like conduct is **STRICKTLY PROHIBITED** pursuant to **MULTIPLE** case precedent set by the District, Circuit, and Supreme Court's of the United States of America, including caselaw and precedent decreed by the State of Michigan, and rules and policies set forth in the MI.DOC employee's Handbook.

## RELIEF SOUGHT BY THE COURT

**WHEREFORE,**

Plaintiff Cortez, a inmate and in litigation with 53RD Judicial Circuit Court, having to respond **TIMELY** to filings and ORDERS, is being and has been INJURED by the MI.DOC (Mail) Policy Directive PD.05.03.118 ¶KK, and ALL EMPLOYEE'S enforcing [it], and MOVES this Honorable Court for ORDER of:

### a. INJUNCTIVE RELIEF/CLASS RELIEF:
Order TERMINATION of Paragraph ¶KK of PD.05.03.118 and DELIVERY of any/all documents received from [a]n Court, Attorney, or other legal institution to any prisoner it may be addressed within 48 hours of arrival to the facility; and/or

### b. EMOTIONAL DAMAGES:
Plaintiff Cortez humbly request the following relief as compensation for the stressful, emotional damages caused by the actions of the named, and yet un-named Defendants in awarding the Plaintiff with the monetary sum of seven-thousand, five-hundred dollars ($7,500.00); and/or

### c. PUNITIVE DAMAGES:
Due to the malicious intent to withhold Plaintiff Cortez's legal mail, with no good-cause shown, enforcing a policy that directly conflicts with a previously existing policy resulting in material damage to Mr. Cortez's criminal litigation to seek establishment of his innocense, and seeks the monetary amount of seven-thousand, five-hundred dollars ($7,500.00); and/or

### d. OTHER RELIEF/SUA SPONTE:
Any other relief this Honorable Court finds jus, fit, and equitable.

MONETARY DAMAGES SOUGHT TOTALLING FIFTEEN THOUSAND ($15,000.00) DOLLARS.

Respectfully Submitted,

/s/: _Burton D. Cortez_

Mr. Burton D. Cortez, pro se.
DATED: JANUARY 16, 2025.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT FOR MICHIGAN
IN THE NORTHERN DIVISION

To:
United States District Court Clerk,
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd. RM #564
Detroit, Michigan. 48226

From:
Burton David Cortez, Pro Se.
MI.DOC #520358
Kinross Correctional Facility
4533 W. Industrial Park Dr.
Kincheloe, Michigan, 49788-0001
email: www.JPay.com/mi/kcf
@burtondcortez#520358.

RE: **FILING OF CIVIL COMPLAINT under 42 USC §§1981, 1983, and 1985.**

Dear Clerk,

   I have enclosed one(1) copy of a civil complaint I am requesting that your office file.

   As I am indigent, and the librarian here refuses to make copies and insists that it can done by hand, I ask that you please return a copy to me at the above address after filing with the Court. In paragraph (B.) in the complaint I do request to proceed in Forma Pauperis, under 28 USC §1915 as supported by the affidavit of indigency, I do not have the funds, but, this issue must be addressed as it pertains to U.S. Constitutional violations.

   I sincerely request that you serve the relevant parties as per the troubles I seem to be having with the librarian, if the Court allows me to proceed as I have requested, and once I receive ORDER to do so from the Court, I will then have the document needed for her compliance in assisting me with copies, paper, etc., and from that point I should be able to serve any filings or reply's upon the defendant(s) myself.

   Thank-You so much for your time and hard work helping me with this task, you are greatly appreciated!

                            Sincerely with Much Respect,

                            /s/: _____
DATED: JANUARY 17, 2025.          Mr. Burton David Cortez.

-Letter to Clerk of the Court-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT FOR MICHIGAN
IN THE NORTHERN DIVISION

| | |
|---|---|
| **BURTON DAVID CORTEZ**, et al., individually, and on behalf of others similarly situated. Plaintiff(s). | Case No: <br><br> Hon: <br><br> Mag: |
| vs. | |
| **HEIDI WASHINGTON** - MI.DOC Director, **JEFFERY HOWARD** - Warden (Kinross), **ROBIN VOORHEES** - Grievance Coord; **KIRT VAHAR** - Mailroom Staff, **SHANNON JONES** - Mailroom Staff, Any unknown DOE(S), et al. Defendant(s), | **JURY TRIAL DEMANDED** |

## PROOF OF SERVICE / CERTIFICATE OF MAILING

I have filed a Civil Complaint with the Office of the Clerk of the Court, and have requested that do to my Indigent status, request for Pauperis status, and the difficulty I am experiencing with the facility Librarian with securing "copies" and other materials needed that, for this one time, I have requested the Office of the Clerk serve all relevant parties, I have filed this material with the Office of the Clerk of the Court by U.S.P.S first-class mail, utilizing the MI.DOC expedited legal-mail service.

JANUARY 16, 2025.

Burton D. Cortez, Pro Se.

-Proof/certificate-

BURTON DAVID CORTEZ
MI.DOC #520358
Kinross Correctional Facility
5465 W. Industrial Park Dr.
Kincheloe, MI.
49788-0001



UNITED STATES DISTRICT COURT
EASTERN DISTRICT FOR MICHIGAN
c/o Clerk of the Court
Theodore Levin U.S. Courthouse
231 W. LAFAYETTE BLVD. RM. 254
DETROIT, MICHIGAN. 48226